UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO VILLALOBOS GALLARDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　Defendant. | Case No. 16-cv-00824 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CROSS-MOTIONS FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**<br><br>Re: Dkt. Nos. 16, 21 |

Plaintiff Humberto Villalobos Gallardo seeks judicial review of the Commissioner of Social Security's denial of his claim for disability benefits. Gallardo argues his claim for benefits was wrongfully denied because the Administrative Law Judge gave too little weight to the opinions of treating and examining medical sources and improperly found him lacking credibility. The Court finds the ALJ properly rejected Gallardo's treating physician's assessment and found him lacking credibility. However, the Court finds the ALJ erred in rejecting the finding of an examining physician. Thus, the Court GRANTS in PART and DENIES in PART the cross-motions for summary judgment, and REMANDS for further proceedings consistent with this order.

**I.   BACKGROUND**

Gallardo applied for Supplemental Security Income and Social Security Disability Insurance benefits on December 6, 2012. AR 29. Gallardo listed an alleged onset date for

Case No. 16-cv-00824 NC

his disability of June 1, 2011, later amending it to April 15, 2012. *Id*. The SSA denied Gallardo benefits at the initial determination and reconsideration levels, and Gallardo subsequently requested a hearing held on July 2, 2014. *Id*. Gallardo and a vocational expert, James C. Westman testified. AR 29. In a July 18, 2014, decision, ALJ Christopher R. Inama found Gallardo not disabled. AR 37.

The ALJ used a five-step evaluation process. AR 30. At step 1, the ALJ found Gallardo had not engaged in substantial gainful activity since the alleged onset date. AR 31. At step 2, the ALJ found Gallardo had the severe impairment of diabetes mellitus. *Id*. The ALJ also discussed Gallardo's alleged depressive disorder, but did not find it "severe." AR 31-32. In making this determination, the ALJ found Gallardo's psychologist's, Dr. Ginny Estupinian's reported limitations on his functioning inconsistent with her treatment notes, which showed "far less intensive treatment than would be expected for a claimant with such purportedly severe psychiatric issues." AR 32. At step 3, the ALJ found Gallardo did not meet a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. The ALJ specifically considered the listing for endocrine disorders, Listing 9.00. *Id*.

At step 4, the ALJ found Gallardo had the residual functional capacity to perform sedentary work, except that he is illiterate in English, but literate in Spanish and had certain other physical limitations. AR 32. When considering a claimant's symptoms, ALJs must follow a two-step analysis. AR 33. First, the ALJ must determine if there is an "underlying medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce the claimant's pain or other symptoms." *Id*. If the first step is met, the ALJ next evaluates "the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning." *Id*. ALJs must decide on the claimant's credibility based on the entire record. *Id*. Though the ALJ found Gallardo's "medically determinable impairments could reasonably be expected to cause" his symptoms, the ALJ also found Gallardo's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." *Id*. For example, the ALJ found "instances of exaggeration

throughout the record," and that Gallardo's hearing testimony was inconsistent with previous statements regarding the severity of his symptoms. AR 35.

In determining Gallardo's residual functional capacity, the ALJ considered a consultative examination conducted by Dr. Concepcion Enriquez in April 2013. AR 34. The ALJ gave great weight to most of Dr. Enriquez's opinion, including findings that Gallardo had wasting of his upper and lower extremities, that he used a walker and had difficulty walking unassisted, and that he could perform sedentary work. *Id*. The ALJ rejected Dr. Enriquez's finding that Gallardo "could stand and walk less than one-hour in an 8-hour workday . . . , as it is inconsistent with her own findings and the credibility issues raised throughout this decision." *Id*. The ALJ specifically asked the vocational expert, Westman, whether a person who could not fulfill the sitting, standing, and walking requirements of sedentary work would be able to work full-time. AR 64. Westman testified that such a person would be unable to work full-time. *Id*. That question incorporated Dr. Enriquez's one hour standing and walking limitation. *Id*. (see verbal exchange between ALJ and Gallardo's representative during the hearing).

Gallardo appealed the ALJ's decision to the SSA Appeals Council, which reversed in part the ALJ's decision, finding Gallardo disabled beginning after July 9, 2014, upon his 45th birthday. AR 6, 15. Under Rule 201.17, Table No. 1 of 20 C.F.R. Part 404, Subpart P, Appendix 2, Gallardo became disabled upon turning 45 years old based on his individual vocational factors of being limited to sedentary work, being unable to communicate in English, and having past relevant work of an unskilled nature. AR 15.

Gallardo filed this case on February 18, 2016, dkt. no. 1, and filed a motion for summary judgment on July 24, 2016. Dkt. No. 16. Gallardo wants the Court to order the case remanded to determine his onset date. *Id*. at 19. Colvin filed a cross-motion for summary judgment on September 22, 2016. Dkt. No. 21. Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 9, 24.

## II.   LEGAL STANDARD

A district court has the "power to enter, upon the pleadings and transcript of the

Case No. 16-cv-00824 NC            3

record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance."). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir.1995). An ALJ's decision will not be reversed for harmless error. *Burch*, 400 F.3d at 679; *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990).

## III. DISCUSSION

Gallardo challenges the ALJ's decision on two grounds. First, Gallardo asserts the ALJ improperly rejected his treating and examining physicians' opinions in whole or in part. Second, Gallardo argues the ALJ improperly found him not entirely credible.

### A. The ALJ Improperly Rejected Part of Dr. Enriquez's Opinion and Properly Rejected Dr. Estupinian's Assessment.

In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti*, 533 F.3d at 1041. Generally, more weight is given to the opinion of a treating physician than to that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Similarly, the opinion of an examining physician is entitled to more weight than that of a non-examining physician. *Id*.

Where a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). The Commissioner must provide "clear and convincing" reasons for rejecting the un-contradicted opinion of treating and examining physicians. *Lester*, 81 F.3d at 830. An ALJ can reject an un-contradicted treating physician's opinion, "by

Case No. 16-cv-00824 NC       4

setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). An ALJ need not accept such an opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Id*. When rejecting a medical opinion, an ALJ must do more than state his or her conclusions; the ALJ must express his or her "interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Further, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language than fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014).

### 1. The ALJ Improperly Rejected Part of Dr. Enriquez's Opinion.

Gallardo argues the ALJ failed to provide "clear and convincing reasons" for rejecting Dr. Enriquez's finding that he could only stand and walk for one hour. Dkt. No. 16 at 5. Dr. Enriquez conducted a consultative examination of Gallardo. AR 34. The ALJ gave great weight to most of Dr. Enriquez's opinion, but rejected the finding that Gallardo "could stand and walk less than one-hour in an 8-hour workday . . . , as it is inconsistent with her own findings and the credibility issues raised throughout this decision." *Id*. No other specifics were provided in that section for discrediting that particular finding, despite the "great weight" given to the rest of the opinion.

Though Gallardo makes a number of weak arguments for crediting Dr. Enriquez's finding, the Court ultimately finds the ALJ erred because if the ALJ *had* credited Dr. Enriquez's opinion, the ALJ would have been required to account for the one hour standing and walking limitation in determining what type of work Gallardo could still perform. *See* 20 C.F.R. § 404.1567(a) (defining "sedentary work"), SSR 96-9p ("Jobs are sedentary if walking and standing are required occasionally . . . . 'Occasionally' means occurring from very little up to one- third of the time, and would generally total no more than about 2 hours of an 8-hour workday."). Vocational expert Westman provided that a

Case No. 16-cv-00824 NC             5

person who could not meet the requirements of sedentary work would not be able to work full-time. AR 64. Given these implications, it was error that the ALJ did not provide "clear and convincing reasons" for rejecting Dr. Enriquez's finding regarding Gallardo's alleged standing and walking limitation. *Lester*, 81 F.3d at 830. Such error was not harmless. *Burch*, 400 F.3d at 679.

The Court notes, however, that the ALJ specifically noted inconsistencies in Gallardo's testimony throughout the opinion, and the ALJ could have found reasons to discredit this particular finding. As a result, rather than crediting as true Dr. Enriquez's finding as Gallardo suggests, the Court finds remand appropriate. Dkt. No. 16 at 9 (arguing the Court should apply the "credit as true test").

### 2.   The ALJ Properly Rejected Dr. Estupinian's Assessment.

Gallardo argues the ALJ erred in finding he did not have a severe mental impairment, and that he erred in rejecting Dr. Estupinian's opinion. Dkt. No. 16 at 10. Dr. Estupinian was Gallardo's treating psychologist, and her opinion regarding Gallardo's mental condition was not contradicted by another medical source. AR 31-32. Assuming her opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the Court must give it "controlling weight." 20 C.F.R. § 404.1527(c)(2). However, an ALJ may reject such an un-contradicted opinion if he or she provides "clear and convincing" reasons. *Lester*, 81 F.3d at 830.

The ALJ found that Dr. Estupinian's mental capacity questionnaire, which concluded that Gallardo "would have marked restrictions with daily living and with social function" and that he "had a listing-level psychiatric impairment and would be unable to meet competitive standards in most work-related areas," was inconsistent with her treatments notes. AR 32. These treatment notes "show[ed] far less intensive treatment than would be expected for a claimant with such purportedly severe psychiatric issues." *Id*. (explaining that during therapy with a psychology intern, Gallardo "worked primarily on relaxation techniques and coping mechanisms," and that he medications never changed

Case No. 16-cv-00824 NC            6

1 during his visits). In addition, the ALJ pointed out internal inconsistencies within the
2 questionnaire itself, which undermined Dr. Estupinian's credibility. AR 32 ("Dr.
3 Estupinian also concluded that the claimant would have marked limitations in social
4 functioning but also said that he has 'unlimited or very good' ability to interact
5 appropriately with the public and maintain socially appropriate behavior."). The Court
6 finds these reasons for disbelieving the opinion of Dr. Estupinian clear and convincing.
7 *Lester*, 81 F.3d at 830.

8 The Court finds Gallardo's arguments to the contrary unconvincing. First, one of
9 Gallardo's arguments for reversing the ALJ's finding and crediting the opinion of Dr.
10 Estupinian is based on a misreading of the record. Dkt. No. 22 at 8 (incorrectly arguing
11 the ALJ misread Dr. Estupinian's questionnaire regarding two-week episodes of
12 decompensation); *see* AR 419 (quoting from questionnaire: "Episodes of decompensation*
13 within 12 month period, each of at least *two weeks* duration" (emphasis added)). Second,
14 Gallardo relies on conjecture as to what Dr. Estupinian may have meant in her
15 questionnaire, though he concedes that "[a]t first blush, the social functioning assessment
16 *does appear inconsistent* . . . [, but] close review of Dr. Estupinian's assessment evidences
17 that her assessment of social functioning *is not necessarily inconsistent*." Dkt. No. 16 at
18 11 (emphasis added). It is not the place of the Court to reweigh the evidence, where the
19 Court has already found the ALJ's finding supported by clear and convincing evidence,
20 and where the claimant—by his very arguments—concedes that the ALJ could have read
21 the evidence as he did. The ALJ did not err in rejecting the opinion of Dr. Estupinian, and
22 as a result also did not err in finding Gallardo's alleged mental impairment was non-
23 severe.

24 **B.     The ALJ Properly Found Gallardo Less Than Fully Credible.**

25 Gallardo argues the ALJ improperly found him less than fully credible in his
26 subjective complaints regarding his symptoms. Dkt. No. 16 at 15. An ALJ must use a
27 two-step analysis to determine a claimant's credibility as to subjective pain or symptoms.
28 *Garrison*, 759 F.3d at 1014. An ALJ first decides if the claimant presented "objective

Case No. 16-cv-00824 NC          7

medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations omitted). If the claimant meets the first test, and the ALJ finds no malingering, the claimant's testimony regarding the severity of symptoms may only be rejected for "specific, clear and convincing reasons." *Id*. Where a credibility determination is a "critical factor" in the ALJ's decision, the ALJ must make an "explicit credibility finding" that is "supported by a specific, cogent reason for the disbelief." *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). If a reviewing court agrees that the ALJ's finding is so supported, it must be given great weight. *Id*. "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effects of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ found that though Gallardo's "medically determinable impairments could reasonably be expected to cause" his symptoms, his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 33. Gallardo's piecemeal attempts to undermine this finding in his motion are unpersuasive, dkt. no. 16 at 16-18, where the ALJ's credibility finding was based on a combination of specifically identified inconsistencies and exaggerations by Gallardo throughout the record. *Rashad*, 903 F.2d at 1231.

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the cross-motions for summary judgment, and REMANDS for further administrative proceedings consistent with this order regarding Dr. Enriquez's consultative examination.

**IT IS SO ORDERED.**

Dated: February 28, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-00824 NC            8